BISSELL *vs.* BALCOM.

A contract for the sale of goods for the price of fifty dollars or more is not taken out of the statute of frauds by the payment of a part of the purchase money, by the buyer, unless the payment is made at the time of making the contract. A payment afterwards will not avoid the statute. JOHNSON, J. dissented.

The plaintiff and defendant, in August, 1861, made a parol agreement for the sale by the former to the latter of fifteen head of cattle then on the plaintiff's farm, but not present, or in sight; the parties agreeing upon the price, which was over $50, and was to be paid on the 1st of December thereafter, unless the defendant should sooner take the cattle away. The plaintiff agreed to keep the cattle until that time, unless the defendant should choose to take them away before. The defendant never took any of the cattle away. *Hold,* in an action to recover the price, that there was no delivery and acceptance of the cattle, within the meaning of the statute of frauds; and that the sale was therefore void.

MOTION by the defendant for a new trial, on a case and exceptions, ordered at the circuit to be heard at the general term, in the first instance. The complaint was on an executed contract for the sale and delivery of cattle by the plaintiff to the defendant, and the plaintiff sought to recover the price. The answer was a general denial; that the plaintiff did not deliver the cattle; and that they were lost by the plaintiff's negligence. On the trial it appeared that in August, 1861, the defendant came to the plaintiff's house, to negotiate for the purchase of fifteen head of cattle, belonging to the plaintiff, and offered him $290 for the lot. The plaintiff agreed to accept the offer. The defendant said he was butchering, and wanted the cattle so that when they got scarce he could come and get them; and if at any time before the 1st of December he wanted them, or any of them, he could come and get them. The cattle were to be kept by the plaintiff, on his farm, until the 1st of December, unless the defendant should want them sooner. The price was to be paid on the 1st of December, and he was not to pay for them until that time, unless he should previously take them all away. The defendant asked the plaintiff if he wanted

some money, to bind the bargain, and the plaintiff said he did not care about it then, as their words were good for the bargain. At the time of this talk the parties were in the road, the defendant sitting in his wagon, and the cattle were on the plaintiff's farm, some 50 to 60 rods from them. The defendant was not to pay the plaintiff for keeping the cattle. No writing was made, and no money paid, and no delivery of the cattle made, to the defendant. A day or two after this, the plaintiff met the defendant, at Painted Post, and told him he wanted some money. The defendant said " You are not afraid I am going to back out ?" The plaintiff replied " No ; but it is best we bind the bargain, so there will be no chance to back out." The plaintiff wanted five dollars. The defendant paid him three dollars then, and two more about two weeks afterwards. The same day the first payment of three dollars was made, the defendant directed the plaintiff to put the cattle on the flats, thus changing them from one pasture to another ; and he afterwards directed the plaintiff to change them from one pasture to another, and to divide the cattle, and put part of them on the plains, and part of them on the flats, of his farm, which was done. The last of September, 1861, there came a heavy flood in the river near where the cattle were, and seven of the fifteen head were swept off and drowned.

After the plaintiff had rested, the defendant moved for a nonsuit, on these grounds : 1. That the plaintiff had failed to prove a cause of action. 2. The contract proved was void by the statute of frauds, inasmuch as there was no note or memorandum in writing, and there was no delivery of any part of the property bargained for ; nor was any part of the purchase money paid at the time. 3. The complaint was on an executed contract, while the contract proved was entirely an executory contract. 4. The agreement proved was an executory contract, for a future sale and delivery of the cattle, and the plaintiff had shown neither a performance nor a tender of performance, but on the contrary had shown that he

was unable to deliver the cattle at the time stipulated. The court denied the motion.

The jury found a verdict in favor of the plaintiff, for $292.48.

*C. F. Platt,* for the plaintiff.

*D. Rumsey,* for the defendant.

WELLES, J. The action was brought to recover the price of the cattle in question, as upon the sale and delivery thereof. After the plaintiff had given his evidence and rested, the defendant's counsel moved for a nonsuit, on the grounds that the contract proved was void by the statute of frauds, inasmuch as there was no note or memorandum in writing, and there was no delivery of any part of the property bargained for, nor was any part of the purchase money paid at the time. Also, that the agreement proved was an executory contract for a future sale and delivery of the cattle, and the plaintiff had shown neither a performance nor a tender of performance, but on the contrary, had shown that he was unable to deliver the cattle at the time stipulated. The court denied the motion for a nonsuit, and the defendant's counsel excepted. The defendant's evidence did not materially change the case.

The statute provides that " every contract for the sale of any goods, chattels or things in action for the price of .fifty dollars or more, shall be void, unless ; 1. A note or memorandum of such contract be made in writing and be subscribed by the parties to be charged thereby ; or, 2. Unless the buyer shall accept and receive part of such goods, or the evidences or some of them of such things in action ; or 3. Unless the buyer shall at the time pay some part of the purchase money." (2 *R. S.* 136, § 3.)

There was no note or memorandum in writing of the contract of sale, and the price of the property exceeded fifty dol-

Bissell *v.* Balcom.

lars. Unless, therefore, the defendant accepted or received some part of the cattle in question, or paid at the time of the contract of sale, some part of the purchase money, the contract of sale was void.

1. In my opinion the evidence did not show a delivery or acceptance of the cattle, or any part of them. Nothing was actually done by the parties towards a delivery or acceptance. The cattle were not present, but were all on the plains, about fifty or sixty rods from where the parties were at the time they made and concluded the contract, and it does not appear that they were in sight. The plaintiff testified that the defendant had seen them on a former day, and it is fairly inferable that if they were in sight at the time the agreement was made the plaintiff would have so testified. The plaintiff was bound by the contract to retain the cattle in his possession, on his farm, until the first day of December then next, unless the defendant chose to call for some of them before that time. He therefore had no right to deliver them, and the defendant had the right to refuse to receive them sooner than that time. The defendant never has received them, or any one of them, at any time. The parol contract for the sale of the cattle was made in the latter part of August, 1861. The case, on the question of acceptance, cannot be distinguished in principle from *Shindler* v. *Houston*, (1 *N. Y. Rep.* 261.) Here, as in that case, there was nothing but words to indicate a delivery or acceptance. The idea that after the contract was completed the plaintiff became the bailee of the defendant in respect to the cattle in question, and that the possession of the property by the plaintiff was, by force of that relation, the possession of the defendant, cannot, it seems to me, be entertained. No such idea seems to have entered into the minds of the parties, both of whom regarded a part payment as necessary to bind the bargain. If there had been an acceptance of the possession by the defendant, of any part of the property claimed to have been sold, no payment would have been necessary to render the contract valid. The parties evidently trusted to

the parol engagement of each other to carry into effect an agreement which neither regarded as binding in law. If the plaintiff can in this case be regarded as standing in the relation of bailee of the property, it is not perceived how any case where there is no actual possession by the buyer, either manual or symbolical, can fall under the condemnation of the statute. In the case of *Shindler* v. *Houston*, (*supra*,) it would have been the easiest thing in the world for the vendee of the lumber to have said to the vendor, "I make you my bailee of this lumber until paid for;" or for the vendor to have said to the vendee, "I will act as your bailee until you pay for it;" and yet no one, I apprehend, would contend that the vendor's case would have been thereby strengthened. The difficulty would remain that there was no actual manual change of possession, or symbolical delivery, one of which is indispensable in order to satisfy the statute. Mere words will never accomplish it. I conclude upon this point by referring to the authorities cited by Judge Wright in the case of *Shindler* v. *Houston*, upon pages 271 and 272 of the report of that case.

2. No part of the purchase money was paid at the time of the alleged contract of sale. After the contract was concluded, the defendant asked the plaintiff if he wanted any money to bind the bargain; to which the plaintiff replied he did not care about it at that time, as their words were good for the bargain. The defendant then went home, and nothing was said or done on that day, on the subject of payment by the defendant, of any thing on the contract. The next day, or the next day but one, the plaintiff asked the defendant for five dollars to bind the bargain, when the defendant paid him three dollars, and in about two weeks afterwards he paid him two dollars more.

To take the case out of the statute by a part payment, such payment must be made at the time of the contract. This is the express language of the statute, and to show that such was the intention of the legislature, it is only necessary

to refer to the revisers' notes. The section as originally reported by the revisers provided that the goods &c. should be accepted and received at the time. The words, *at the time,* were stricken out by the legislature. The words requiring the payment of some part of the purchase money at the time of the contract were in the original report of the section, and were retained by the legislature. (*Notes of Revisers,* 3 *R. S.* 2*d ed.* 656, 657.) The provisions of the statute, on the subject, which were in force at the time the revised statutes took effect, merely declared the contract "*not good,* except the buyer shall accept and actually receive part of the goods sold, or give something in earnest to bind the bargain, or in part payment," or that the contract be in writing, &c. (1 *R. L.* 79, § 15.) Nothing is there said as to the time when the goods &c. must be received or the earnest money paid. The section of the revised statutes as reported by the revisers required both to be done at the time of the contract. The legislature struck out the provision as to the time of accepting a part of the goods &c., and enacted it as to the time when the earnest money should be paid. There is, I think, no ground for misunderstanding the force or meaning of the section in question as enacted. The case of *Thompson* v. *Alger,* (12 *Metc.* 428,) is referred to by the plaintiff's counsel as holding that the part payment, under our statute, may be made after the time of the contract. The judge who delivered the opinion of the court in that case certainly did advance such a proposition. But it was not necessary to the decision of the case, and no such decision was in fact made. The payments claimed were made after the negotiation for the purchase of the rail road stock had commenced, but before the agreement was finally concluded, and it was upon that ground that the court held the contract valid. But if otherwise—if the court had decided that payment after the contract was concluded, and upon a subsequent day, would have been sufficient to relieve the case from the operation of the statute—I should not feel bound to follow it, notwithstand-

ing my great respect for the distinguished and learned tribunal who made the decision. It seems to me that any other view of the question than the one I have presented would amount to a repeal of the statute, or, at least, completely nullify the words " *at the time*," in the third subdivision of the section referred to.

In *Sprague* v. *Blake* (20 *Wend.* 61) the court say, in reference to the statute in question, as follows : " The statute does not require that the part acceptance should be at the time of the oral contract, *though it seems to be otherwise of earnest money which is to bind the bargain.*"

I have examined the cases referred to by the plaintiff's counsel, and have found none, excepting the one cited from *Metcalf's Reports,* which hold, or seem to hold, that payment after the contract has been concluded will take the case out of the statute.

The foregoing views lead necessarily to a new trial.

J. C. SMITH, J. concurred.

JOHNSON, J. dissented.

                       New trial granted.

MONROE GENERAL TERM, September 7, 1863. *Johnson, James C. Smith* and *Welles,* Justices.]