## BATES VS. CHESEBRO.

(1) *When nonsuit will be granted for pendency of another action.* (2) *Statute of frauds : When payment by buyer will take case out of the statute.*

1. Action commenced March 23, 1871. The answer (filed April 5, 1871), after a general denial, alleged the pendency of another action between the parties for the same cause. At the trial it appeared that on the 30th of April, 1871, a judgment of dismissal and for costs in favor of defendant had been rendered in such former action, and that the costs had been paid. *Held,* that the court did not err in refusing defendant's motion for a nonsuit, made upon the ground that such former action was pending at the commencement of this.

2. On an executory contract for the sale and purchase of goods, a payment by the buyer of part of the purchase money, in order to take the case out of the statute of frauds, must be made *at the time* the contract is entered into; and a *subsequent* payment will not have that effect unless there is a distinct reference by both parties, when such payment is made, to the previous void agreement, and a declared intention to reaffirm the same and make it valid according to its terms, in which case it takes effect as a new contract then made.

APPEAL from the Circuit Court for *Rock* County.

The defendant appealed from a judgment against him. The case is sufficiently stated in the opinion.

*I. C. Sloan*, for appellant, argued, *inter alia*, that the motion for a nonsuit on the ground of the pendency of a former action should have been granted. The common law rule is, that if the first action is pending and undetermined when the second action is commenced, the second must abate. 1 Chitty's Pl., 454 and note. This rule was so far relaxed in the state of New York as to permit a plaintiff to discontinue the first action after its pendency had been set up in the second, and to *reply* such discontinuance. *Averill v. Patterson*, 10 N. Y., 500. But this innovation does not rest upon any principle, and has not been followed in other states. *Comm. v. Churchill*, 5 Mass., 174. And it should not be adopted here ; especially since the code has abolished the necessity for a reply. But even if the New York rule should be followed, the first action should have been discontinued before the time for a reply had expired. As the judgment dismissing the first suit was not rendered until more than twenty days after answer served herein, this suit cannot be maintained. Counsel further argued that the first suit was not discontinued until August 4, 1871, when the costs were paid, citing *White v. Smith*, 4 Hill, 166. 2. To the point that a *subsequent* payment on the void agreement of sale would not take it out of the statute of frauds, counsel cited subd. 3, sec. 3, ch. 107, R. S. ; *Bissell v Balcom*, 40 Barb., 98 ; *Allis v. Read*, 45 N. Y., 142.

*John R. Bennett* and *John Nichols*, for respondent, argued that the motion for a nonsuit on account of the pendency of a former suit was properly denied, because the evidence showed that no such suit was then pending. As to the nonpayment of the costs of the former suit, defendant's only remedy was to get a stay of proceedings in the case until the payment of costs. 2 Till. & Sh. Pr., 351. 2. To the point that the payment made by defendant took the case out of the statute of frauds, counsel cited *Bissell v. Balcom*, 39 N. Y., 275 ; *Webster v. Zielly*,

52 Barb., 482; *Thompson v. Alger*, 12 Met., 428; *McKnight v. Dunlop*, 1 Seld., 543.

COLE, J.    We think there was no error in the ruling of the court refusing to grant the nonsuit upon the facts.    The ground which was relied on in support of the motion was, that it appeared from the plaintiff's own case that there was another action pending between the same parties and for the same cause at the the time of the commencement of this suit, and that the same was still pending.    It appeared from the record that this action was commenced by personal service of the summmmons and complaint on the defendant on the 23d day of March, 1871.    The answer in the action was served on the 5th of April thereafter.    The answer contained, first, the general denial of the allegations of the complaint; and, secondly, it averred the pendency of a former action between the same parties and for the same cause in the circuit court for Dane county. When the motion for a nonsuit was made, it appeared, from the evidence and admissions of the parties, that the action in the circuit court for Dane county was tried by the court at the November term, 1870, upon the issue therein made of the pendency of a former action, and that the court made and filed its finding in that action on the 30th of April, in and by which it found for the defendant on the issue submitted, and decided that the defendant was entitled to a judgment dismissing said action on account of the pendency of a former one.    A judgment of dismissal was accordingly entered on that day, and for costs taxed in favor of the defendant.    It appears, however, that the defendant's costs were not actually taxed and paid until the 4th of August, when they were paid to the defend-ant's attorney, who signed a receipt for the amount in full.

Now the counsel for the defendant insists that the common law rule should be applied, which was, that if there was another action pending and undetermined for the same cause when the second action was commenced, the second action must abate.

Bates vs. Chesebro.

1 Chitty's Pl., 454 and note. He concedes that this strict technical rule has been modified in New York, so as to permit the plaintiff to discontinue the first action after its pendency has been set up in the second action, and reply such discontinuance. (See *Averill v. Patterson*, 10 N. Y., 500, and authorities there cited.) It seems to us that to enforce the rigid rule contended for by the counsel in a case like this, when judgment of dismissal has been entered by the court and the defendant's costs taxed and received by him, is really to sacrifice the substantial rights of parties to a mere technicality. We are not disposed to sanction such a rule of practice. If we could see that the defendant was prejudiced in any substantial right by the course adopted by the plaintiff, the case would be different. As it is, he has suffered no practical wrong; he has his costs; and we therefore think the court properly denied the nonsuit for the mere reason that the former action was pending when the present one was commenced. We do not intend to lay down a general rule upon the subject, and confine the decision to the facts and circumstances of this case.

A number of exceptions were taken on the part of the defendant to the rulings of the court on the trial, but we deem it necessary to notice but one. The action was brought to recover damages for the breach of a verbal contract for the sale and delivery of a quantity of broom corn. At the contract price, the broom corn would amount to $1,200 or $1,400. The contract was made some time in September, 1868; and it is admitted that no part of the purchase money was then paid, and no part of the property was accepted and received by the plaintiff, who was the purchaser. There was, however, testimony which tended to show that the plaintiff, on the 14th of December following, paid $47 to apply on this contract. This is denied by the defendant, who testified that this money was handed to him by the plaintiff for the purpose of buying a broom corn press. Among other things, the defendant asked the court to instruct the jury as follows: "If the jury find from the evi-

dence that the contract for the sale of the defendant's crop of broom corn was made in the month of September, 1868, and no part of the purchase money was paid at the time the contract was made, the contract is void, and the plaintiff cannot recover, and a payment made on the said contract on the 14th day of December would not revive the contract or make it valid." The court refused to give this request, and charged that "if the parties made a verbal agreement for the sale and purchase of the broom corn at the rate of $125 per ton, and such verbal agreement was still existing between the parties on the 14th day of December, 1868, and on the 14th day of December, 1868, the plaintiff paid and the defendant received on the agreement the sum of $47 as part of the purchase money, the contract was a valid one." In brief, the proposition of law which the court was asked on the part of the defendant to affirm and give the jury was, that a subsequent payment on a contract void by the statute does not have the effect to take it out of the statute and render the contract valid. This, in substance, was the instruction asked, the converse of which was given by the court.

There can be no doubt that the executory contract made by the parties in September was void by our statute of frauds. Section 3, ch. 107, R. S. This section declares that every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void unless some note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged therewith; or unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action; or unless the buyer *shall at the time* pay some part of the purchase money. None of these requisites were complied with in the present case. It is true, the plaintiff attempted to show that he paid $47 on the contract in December; but manifestly that payment alone, even if made on the contract, would not have the effect to take the same out of the operation of the statute,

because it was not made " *at the time* " the contract was entered into. The statute makes it essential that the earnest money shall be paid at the time the contract was made, and part payment at some subsequent time will not validate the contract. The language employed by the legislature is too clear and unambiguous to admit of doubt that the payment of some portion of the purchase money must be made at the time the contract was entered into, and a subsequent payment does not meet the requirements of the statute. We should have no hesitation in holding that this was the proper and only admissible interpretation of the statute, even in the absence of all judicial construction elsewhere. But we think this view derives support from the exposition given to a precisely similar provision in New York. In the case of *Bissell v. Balcom*, 40 Barb., 98, the court held that a contract for the sale of goods for the price of fifty dollars or more was not taken out of the statute by the payment of a part of the purchase money by the buyer, unless the payment was made at the time of entering into the contract, and that a subsequent payment will not relieve the case from the operation of the statute. The opinion of Mr. Justice WELLS in the case is quite clear and satisfactory as to the force and meaning of the section in question. This case went to the court of appeals, and will be found in 39 N. Y., 275. The appellate court in effect held, that where there is a distinct, intelligent reference by both parties, when the payment is made, to the previous void contract, and a declared intent to make the agreement valid and binding according to the tenor of the previous negotiation, there the sale may be deemed made in fact at that time, and the requirements of the statute are fully satisfied. There is no objection to this view, provided that the evidence shows that the contract was made, reaffirmed and assented to by the parties when the payment was made. For the fact that the parties had previously entered into a void contract would not put it out of their power at a subsequent time to make a valid contract, and this they might doubtless

do by reaffirming or adopting the terms and conditions of the previous contract when the payment was made. In that case, however, the payment would be made on a contract of sale *entered into at the time*, and would not be made on an existing void agreement. In the case of *Bissell v. Balcom*, Mr. Justice WOODRUFF, we think, did not intend to hold that a mere subsequent payment on account of a contract void by the statute will render such contract valid, for he distinctly repudiates that construction. He says: "I do not think it necessary, in order to sustain the verdict in this case, to say that the words ' at the time ' introduced by the revisers in this section of the statute of frauds, have no meaning, or can be disregarded ; nor to say that any payment on account of a previous oral agreement for a sale operates *per se*, and necessarily, as a reiteration and affirmance of that oral agreement. * * * It can not be denied that, although the parties had not, in the first instance, made a valid agreement, they had a right and were fully competent to make one. If they were satisfied with the terms to which they had before assented, it was wholly unnecessary that they should change them in any particular. It was surely enough that with avowed consciousness that they were not yet bound, they should mutually agree to a sale, and, for the purpose of giving it complete legal validity, do just what they believed to be, and what the statute declares to be, indispensable. All this was done in the present case." Pp. 283–4. In that case the intent and purpose of the parties were supposed to be clear, to enter into a valid binding agreement according to the terms before assented to, and to that end money was asked by the seller and paid by the buyer on the contract. But nothing of the kind can be assumed as undisputed in this case. It can not be said to be clear that the parties understood and agreed that the $47 was paid on a contract made in December, and that the minds of the plaintiff and defendant then met and assented to the terms and conditions of the sale according to the agreement made in September. And

the court manifestly did not intend to place the plaintiff's right of recovery upon any such ground. But the court doubtless thought the statute did not restrict the payment of a part of the purchase money to the precise time when the contract was made, but that a payment afterwards made would take the case out of the operation of the statute, and render the previous void agreement valid. Such we think would not be the effect of a mere payment. It must appear that the parties understood and assented to the terms of the contract at the time of payment, so as to make such payment apply on a present and not a past agreement of sale. *Allis v. Read*, 45 N. Y., 142. And therefore we think the court should have given the first instruction asked on the part of the defendant. The proposition of law therein embraced was correct, and strictly pertinent to the evidence.

*By the Court.* — The judgment of the circuit court is reversed, and a *venire de novo* awarded.

LYON, J., having once presided at a trial of this cause at the circuit, took no part in the decision.