PAINE and another vs. FULTON.

STATUTE OF FRAUDS. *Sale of chattels — When payment will take case out of the statute.*

1. Payment of some *part of the purchase money* will not avail to take a contract of sale out of the *statute of frauds,* unless made *at the time* such contract is entered into. *Bates v. Chesebro,* 32 Wis., 594, followed and approved.
2. Where the vendee, at the time of the sale, and as a part of the purchase price of the goods, *agrees* to pay, and does *afterwards* pay, a debt of the vendor, this does not take the sale out of the statute. So *held* in a case where the agreement to pay the vendor's debt was not made with the knowledge or consent of the creditor.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for the breach of an alleged executory contract between the parties, for the sale by the defendant to the plaintiffs of about 500,000 feet of logs at eight dollars per thousand feet.

No note or memorandum in writing of such contract, subscribed by the defendant, was made; none of the logs were delivered to the plaintiffs; and no part of the purchase money therefor was paid at the time such contract was made.

On the night of the day on which the alleged contract was made, the defendant stopped with one Smith, a boarding house

keeper in Oshkosh, and left the next morning without paying any bill for his entertainment. He offered to do so before leaving, but Smith refused to receive anything from him, giving as the reason for such refusal that they were old friends. Some time afterwards (the precise time does not appear), but in the absence of the defendant and without his knowledge, the plaintiff *G. M. Paine* paid Smith nine shillings for keeping or entertaining the defendant that night. *G. M. Paine* testified on the trial that he presumed he did not pay the bill the next morning after the defendant left, and that he was not prepared to say positively whether he paid it before or after this action was commenced. The action was commenced four or five days after such payment was made.

The plaintiffs introduced testimony on the trial tending to show that it was part of the contract for the purchase and sale of the logs, that they should pay defendant's bill at Smith's, and that they paid it in pursuance of such contract. But the testimony on this subject is conflicting. The defendant failed to deliver the logs to the plaintiffs, but sold them to another party.

At the close of the plaintiffs' testimony, counsel for the defendant moved the court to nonsuit the plaintiffs, on the ground that the alleged contract was void by the statute of frauds, and no action could be maintained upon it. The court denied the motion. It also denied an instruction asked on behalf of the defendant, as follows: "If the jury find that no part of the purchase price was paid at the time the contract was made, the payment to Smith of the sum and at the time testified to by the plaintiff, will not take the case out of the statute of frauds."

Verdict for the plaintiffs; and from a judgment thereon, the defendant has appealed to this court.

*Felker & Weisbrod*, for appellant, argued that the statute provides that payment must be made *at the time*. The matter would then be fresh in the minds of all, and perjury would be prevented, which was the object of the statute. 5 N. Y. Leg.

Obs., 380; 4 Abb. Dig., 745; 20 Wend., 61. The sale will be made valid by an *after* payment, only when such payment is made with the full concurrence of vendor and vendee. 39 N. Y., 275; 48 id., 84, 91; 12 Met., 428, 437; *Artcher v. Zeh,* 5 Hill, 200, 205; *Shindler v. Houston,* 1 N. Y., 261; 23 Wis., 244; 30 id., 329; 26 id., 511. Under either rule plaintiff cannot recover.

*Gabe Bouck,* for respondent. [No brief on file.]

LYON, J. Conceding, for the purposes of this appeal, that the plaintiffs paid the money to Smith in pursuance of their contract with the defendant and in part execution thereof, it is indisputable that such payment was not made at the time the contract was entered into, but afterwards. It is also indisputable that the alleged contract is within the statute of frauds, and therefore void, unless it is saved by such payment to. Smith. R. S., ch. 107, sec. 3; Tay. Stats., 1256, § 3. Hence the single question to be determined is, Did such payment take the contract out of the operation of the statute of frauds, and render it valid and binding upon the defendant?

The decision of this court in *Bates v. Chesebro,* 32 Wis., 594, answers this question in the negative. It was there held that a verbal executory contract for the sale of goods for the price of fifty dollars or more, is void by the statute unless some part of the purchase money be paid *at the time* the contract is made; and that payment at a subsequent time will not render the contract valid. The subject is quite fully discussed in the opinion in that case, by Justice COLE, and requires no further discussion here. I did not participate in that decision, but I fully concur therein, believing that no other rational construction can be given to the statute.

In this case there is no pretense that the money was paid by the plaintiff to Smith *at the time* the alleged contract was made. It follows that the motion for a nonsuit should have been granted.

*By the Court.*—The judgment is reversed, and a new trial awarded.