Bates vs. Chesebro.

BATES VS. CHESEBRO.

STATUTE OF FRAUDS: PART PAYMENT. (1) *Part payment must be at time of contract.* (2) *Subsequent part payment must be distinctly on new contract.* (3) *Case stated.*

1. Part payment of the price, to take a contract of sale out of the statute of frauds, must be made *at the time the contract is made.*
2. Where money is paid, in accordance with the terms of a previous void agreement of sale, and as a part of the purchase price, it must appear, in order to show a valid contract, that the parties understood and agreed upon the terms of such contract at the time of payment, so as to make the payment apply on a *present* contract, and not upon the past void agreement.
3. In an action for a failure to deliver goods according to an alleged contract, where it appeared that the original agreement of purchase and sale was void by the statute, the jury were instructed in substance, that if defendant afterwards made a payment on the goods, and if the parties then knew that the previous agreement was not binding, and if the money was paid and received *for the purpose of making that arrangement valid and obligatory in law*, then they should find for the plaintiff. *Held*, erroneous, because it did not require the jury to find that the minds of the parties met as to the terms and conditions of the contract at the time of such payment, so as to make it a new contract.

APPEAL from the Circuit Court for *Rock* County.

Action for a breach of an alleged oral contract for the sale

and delivery by defendant to plaintiff of a quantity of broom corn. The complaint alleges that the contract was made about December 14, 1868, and the corn was to be delivered before April 1, 1869 ; that plaintiff was to pay, and did pay, $47 at the making of the agreement, which amount defendant received as a payment upon said agreement ; and that the balance of the purchase money, except $500 thereof, was to be paid on the delivery of the corn, and said $500 on the 1st of April, 1869. Plaintiff testified that in September, 1868, the parties entered into an oral agreement for the sale and purchase of defendant's crop of broom corn, then standing and unripe ; the corn to be cut by defendant when ripe, and delivered to plaintiff in Janesville at a specified price per ton ; and that on the 14th of December following, he went to defendant's place, and had a conversation with him about the corn, which the witness detailed at length, but of which the only important parts were these : Defendant said that there " was nothing binding " between them, and, as he had not seen plaintiff for a long time, he did not know but that the latter " was going to back out," and therefore he " wanted to know something about it ;" that he (defendant) had been offered $15 per ton more for the corn, but would not sell until he saw the plaintiff. He then asked plaintiff whether he " wanted to pay anything on it then," and plaintiff replied that that was what he came out for, and inquired, " How much shall I pay you on it ?" to which defendant replied, " Give me what you can spare." Plaintiff thereupon gave him $47, and upon his taking out of his pocket a piece of paper and a pencil and suggesting that he would like "a receipt or something to show for the money," defendant wrote " $47. E. G. Chesebro," and handed back the paper to plaintiff, saying, " That will do for a memorandum until to-morrow, and I will be down with a load of corn." The witness further testified that by a subsequent agreement between himself and defendant, the remainder of the purchase price of the corn was to be paid at the times alleged in the complaint.

A motion for a nonsuit on the ground of the pendency of a former action for the same cause, was denied. See *Bates v. Chesebro*, 32 Wis., 594.

Defendant, in his own behalf, testified in substance, that there was no absolute agreement of sale made in September; that on the 14th of December plaintiff came to his house and wanted to know whether he (defendant) was going to let him have the corn, and defendant replied that he presumed he should; that plaintiff did not pay him any money on the price of the corn, but merely let him have $47 to enable defendant to purchase for plaintiff a corn press then offered for sale in the neighborhood; that he purchased the press, and afterwards told plaintiff he had bought it for him, but plaintiff said he did not want it, whereupon defendant tendered plaintiff the $47 with interest, but the latter refused to receive the money.

A large amount of testimony was introduced by each party to sustain his view of the case.

The court instructed the jury that the oral agreement made by the parties in September was void, and " no subsequent payment of money upon it could make it good;" but that it was " within the power of the parties to make a new and good contract at the time the money was paid, by referring to, adopting and confirming the terms of the void contract." The court then recited the substance of the testimony on that point, and added : " If you find that the $47 was paid on the purchase price of the broom corn, and that the facts are substantially as stated by the plaintiff as to the occurrences on the 14th of December; that the parties then knew and understood that the previous parol arrangement was not binding; [and] that the money was paid and received to make a binding contract,— then the facts narrated by the plaintiff are a sufficient ratification and adoption, at that time, of the terms of the parol agreement previously made, and with the modification as to payment, etc., afterwards made, became then a valid and binding contract."

The following instructions, asked by the defendant, were suc-

cessively refused : 1. " To entitle plaintiff to recover, the jury must find, not only that it was the intention of the parties to make a new contract on the 14th of December, 1868, but that such intention was carried into effect by the actual making of a new bargain in which all the essential terms of a contract were expressly stated and agreed to by both of the parties. Such a contract would require that the amount of corn to be sold should be stated, and the price to be paid should be agreed to by both parties." 2. " The jury are not at liberty to infer or presume that it was the intention of the parties on the 14th of December to adopt the terms of the contract made in September. Nothing short of a full statement of, and agreement to, the terms of the contract made in September, would have the effect to incorporate that agreement into the contract claimed to have been made on the 14th of December." 3. " Whether or not there was a new contract made between the parties on the 14th of December, is a question of fact, to be found by the jury ; and the jury cannot rightfully find that all its terms were then stated and agreed to by both parties."

Verdict for the plaintiff, assessing his damages at $650 ; and from a judgment on this verdict the defendant appealed.

*I. C. Sloan*, for appellant, contended that the court, in its instructions, usurped the province of the jury. It was a question of fact, and not one of law, whether the terms stated and agreed to amounted to a meeting of the minds of the parties, and constituted a new contract. *Hardman v. Bellhouse*, 9 M. & W., 596 ; *Stone v. Miller*, 16 Pa. St., 450 ; *Leonard v. Warriner*, 13 Wis., 179 ; *Conger v. Chamberlain*, 14 id., 262 ; *Osgood v. Lewis*, 2 Har. & Gill, 495. 2. That the court erred in refusing the instructions asked by defendant, which were, in substance, that in order to make a valid contract, the terms of it must be stated and mutually agreed to by the parties.

*John R. Bennett* and *John Nichols*, for respondent, argued that it was not necessary that the terms of the contract should be expressly stated in the conversation of the 14th of December,

but it was sufficient if the parties both referred to terms previously agreed upon between them, and both then and there agreed to be bound by them; and of this the jury might be satisfied by circumstantial as well as by direct evidence. *Bissell v. Balcom,* 39 N. Y., 275; *Allis v. Read,* 45 id., 142; *Webster v. Zielly,* 52 Barb., 483.

COLE, J. The counsel for the defendant objects to the portion of the charge which was excepted to on the trial, as to the effect of the payment of $47 on the 14th of December upon the transaction for the sale of the broom corn. The circuit court in effect told the jury that if they found that this $47 was paid on the purchase price of the broom corn; and if they found the facts about that payment substantially as stated by the plaintiff; that the parties knew and understood that the previous parol arrangement was not binding; and that the money was paid and received to make a binding contract, — then this was a sufficient ratification and adoption at that time of the parol agreement previously made, and satisfied the requirements of the statute.

Now the counsel insists — and as it seems to us with much reason — that this direction of the court does not essentially differ from the charge given on the former trial, which this court held to be erroneous. 32 Wis., 594. It seems to us difficult to make any real distinction in the propositions laid down by the court on the different trials. On the first trial, the court in substance held that a subsequent payment on a contract void by the statute had the effect to take the contract out of the statute and to render it valid; while the natural import of this part of the charge on the second trial amounted really to the same thing. It is true, there is a reference to the statements made by the plaintiff, who testified as to the facts attending the payment of the money at that time; but this testimony is not very satisfactory as to whether a new contract was then made or not. We think the circuit judge should have more

clearly and distinctly informed the jury what it was essential for the parties to do at the time in order to make a valid agreement and satisfy the statute.

When this cause was here on a former appeal it was held that to make valid a parol agreement for the sale of goods exceeding in price $50, where there is no delivery of any part of the goods, the buyer must at the time the contract is entered into pay some portion of the purchase money. This is the plain, explicit language of the statute; and it is the duty of the courts to give effect to it as enacted, rather than attempt to evade or nullify its provisions by some nice and refined construction. See sec. 3, ch. 107, R. S.; 32 Wis., 594; *Paine v. Fulton*, 34 Wis., 83. According to this view, if a valid contract is made at all, it is made at the time the money is paid and received; for the payment of some earnest money is an essential requisite of the contract. Of course, the fact that parties fail in the first instance to make a valid agreement does not render it impossible for them afterwards to make a binding contract by complying with the provisions of the statute upon the subject. Says CHURCH, C. J., in *Allis v. Read*, 45 N. Y., 142–150: "After a void contract has been made, the parties may make a valid contract by adopting the terms of the void contract, provided it appears that such terms are understood and assented to, and a payment is made and received upon the contract. It is a valid contract from that time, and the statute is as fully satisfied, as if the contract had been made valid originally by a payment at that time." But it must appear that the parties understood and agreed upon the terms of the contract at the time of payment, so as to make the payment apply on a present contract and not upon some past void agreement.

Under the charge of the court the jury might have found that the parties knew and fully understood, when the $47 were paid in December, that the previous parol arrangement for the sale of the broom corn was not binding. They also might have been satisfied from the evidence that the money was then

paid and received for the purpose of making that arrangement valid and obligatory in law. But even the establishment of these facts would be insufficient to make a valid contract. Because it was essential that the minds of the parties should then meet as to the terms and conditions of a contract, so as to form and make one. True, this might be done by referring to the previous oral agreement, and by adopting and assenting to that agreement as the new contract. If the minds of the parties met and assented to the terms and conditions of the prior agreement, then the statute would be satisfied, because a complete contract would be entered into at the time part of the purchase price was paid. And the real question therefore was, Did the parties, on the 14th of December, make a new contract by referring to, adopting and confirming the terms of the previous void agreement? Did their minds then meet upon the subject of the contract of sale, and was the $47 paid upon this new contract? If so, there was a valid contract entered into which can be enforced; otherwise there was not.

We do not think these questions were fairly submitted, nor did the court in the instruction excepted to, make the distinction which under the circumstances it was important should be made, between the payment and acceptance of the $47 on account of the prior oral agreement, and a payment and acceptance upon a contract which was made at the time of such payment.

The other question, whether the court was right in denying the motion for a nonsuit on the ground of the pendency of the former action, has already been decided and is *res adjudicata*. But, for the error in the charge above noticed, there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

LYON, J., took no part.