HANSON, Respondent, vs. ROTER and another, Appellants.

*November 10 — December 1, 1885.*

*Sale of chattels: Statute of frauds: Delivery: Part payment.*

1. An oral contract for the sale and delivery of a quantity of logs valued at $100, no part of which has been delivered and no part of the purchase price for which was paid at the time of making the contract, is void under the statute of frauds.
2. The evidence in this case is *held* not to show that the agreement was that when the logs were deposited at the place designated the title should pass to the defendant without any further act on his part, or that any part of the purchase price was paid when the contract was made. *Morrow v. Reed*, 30 Wis. 81, distinguished.

APPEAL from the Circuit Court for *Marathon* County.

The case is stated in the opinion. A jury was waived and the trial by the court resulted in findings and a judgment in favor of the plaintiff. The defendants appealed.

For the appellants there was a brief by *Silverthorn, Hurley & Ryan*, and oral argument by *Mr. Hurley*.

For the respondent the cause was submitted on the brief of *R. B. Salter*.

COLE, C. J.   The basis of this action is a parol executory contract for the sale and delivery of a quantity of logs. The amount claimed to be due on the contract or for the breach thereof is about $100.   The plaintiff in his testimony states the terms of the contract and the circumstances under which it was made, in substance as follows: He says: " I made arrangements with the defendants to get out logs in the fall of 1882, or winter; it was in *Mr. Roter's* store, at Abbotsford.   I asked *Mr. Roter* if he would buy logs from us fellows up there.   He said he would; that he would take all the logs I could get out.   He told me the price he was going to pay for logs.   He told me and Mr. Anderson that he would pay us the same price, viz.,   .  .  .   for each and every thousand feet of the different kinds.  .  .  .   I was to put the logs by the railway track which runs by my place."   The plaintiff further testified that *Roter* agreed to go and scale the logs got out every month, and pay for them, but did not do so.   It appears that the plaintiff during the winter of 1882–83 deposited a quantity of logs at the place designated, which the defendants upon examination refused to accept and receive, because they were not merchantable. ·  The defendants never have received any of the logs for that reason.

Now, on this state of facts, which we think we must assume to be correct, the counsel for the defendants takes the point that the contract is within the statute of frauds and void.   The objection seems to us insuperable.   It is needless to cite the statute, as it is familiar to all.   But it is attempted to avoid the force of the objection by saying that when the plaintiff delivered the logs at the place agreed upon, the title to them passed to the defendants, and the sale became per-

fect and complete. But there is not a particle of proof to sustain such a position. It was doubtless competent for the parties to agree that when the logs were deposited along the track of the railroad this should be a delivery of them to the defendants, and the title should pass even though they were to be subsequently scaled to ascertain the quantity to be paid for. That was the case in *Morrow v. Reed*, 30 Wis. 81. But there is no evidence of such a contract being made. The plaintiff does not swear that this was the contract, and there is nothing which will warrant the assumption that the parties ever intended such a result should follow. The case in its leading features is much like *Pike v. Vaughn*, 39 Wis. 499, and is ruled by that decision. So there is no ground for claiming that the contract was fully executed by a delivery and acceptance of the logs so as to take it out of the statute. There is not a particle of proof which will sustain such a conclusion.

Nor is there any ground for saying that the defendants paid some part of the purchase money, so as to supply the place of a written contract. The plaintiff says his talk with *Mr. Roter* about selling the logs was before Christmas, 1882; that some time afterwards he was in *Mr. Roter's* store, and got a pair of boots on the strength of hauling these logs. At the same time he also got some feed, which we assume, for the purposes of the case, was got with the same understanding, though the plaintiff does not say so. But if these articles were intended to apply on the contract, they would not have the effect to make the agreement valid. The buyer must, *at the time* the contract is made, pay some part of the purchase money. *Bates v. Chesebro*, 32 Wis. 594; *S. C.* 36 Wis. 636. It is claimed that according to *Mr. Roter's* testimony the contract for the sale of the logs was made in March, 1883, at the time the plaintiff got his boots and the feed on the agreement. *Mr. Roter* does say that his first conversation with the plaintiff with reference to the logs was about the first of March, 1883, and that he then let the

plaintiff have a pair of boots and some feed. But he denies that any bargain was then made with the plaintiff for logs, only it was generally understood that the defendants were taking logs from any party that got them out in a shape they could use them. *Mr. Roter* says his recollection about the conversation with the plaintiff at this time was very indistinct; his testimony surely fails to show that any contract was then made.

It appears that in April, 1883, the plaintiff's attorney had an interview with *Mr. Roter* about these logs, and wrote a letter to Mr. Anderson that *Roter* had concluded to take all the merchantable logs belonging to Anderson and the plaintiff. It is claimed that this letter in some way made good the previous void contract; but the letter can have no such effect given to it, even if it were written by the authority of *Mr. Roier.* At most, it only amounted to a proposal on the part of the defendants to take all the merchantable logs which the plaintiff had got out and deposited by the railroad track. It does not appear that the plaintiff accepted this offer, or acted upon it. He relies upon the verbal contract made before Christmas. We have assumed that the logs were merchantable, and considered the case in that light, which is most favorable to the plaintiff. The logs were an ordinary article of traffic, like lumber, or other merchandise, and stand upon the same ground. It could not with propriety be said that the contract was for special skill and labor, as in *Meincke v. Falk,* 55 Wis. 427.

It is unnecessary to add that ch. 81, Laws of 1883, does not aid the plaintiff's case, for the plain reason that this law was enacted after the contract was made.

This case was tried by the court, a jury being waived. We must therefore reverse the judgment, and remand the cause with directions to dismiss the complaint.

*By the Court.*— It is so ordered.