See note to this case in 32 N. W. Rep. 624.— REP.

KERKHOF, Appellant, vs. THE ATLAS PAPER COMPANY, Respondent.

*March 26 — April 12, 1887.*

*Sale of chattels: Statute of frauds: Delivery: Part payment: Special verdict.*

1. To take an executory parol contract for the sale of chattels for a price exceeding $50 out of the statute of frauds (sec. 2308, R. S.), where, at the time of the sale, there was no delivery or acceptance or part payment, a subsequent delivery and acceptance must be shown. A subsequent part payment is not sufficient.
2. Ch. 81, Laws of 1883, relating to the sale of personal property, applies only to written contracts, and does not repeal the statute of frauds (sec. 2308, R. S.).
3. A special verdict should cover all material controverted questions.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover the purchase price of a quantity of pine cord-wood alleged to have been sold and delivered to the defendant. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Hudd & Wigman,* and oral argument by *Mr. Hudd.*

*Moses Hooper,* for the respondent.

COLE, C. J. In this case the plaintiff moved for judgment upon the special verdict. The court denied this motion, and gave judgment dismissing the complaint upon the merits. If the facts found in the special verdict are insufficient to warrant a judgment for the plaintiff, this ruling must be affirmed. The action is brought upon a parol executory contract for the sale and delivery of a quantity of pine cord-wood. The price of the wood amounted to $500 or $600, and the court undoubtedly considered that the contract was within the statute of frauds and the facts found in the special verdict failed to show that the plaintiff was entitled to recover. In that view of the case, we think the court was entirely correct. The jury failed to find upon the question of acceptance. Indeed, that issue was not submitted, probably because there was no evidence of an acceptance of the wood by the defendant. In its answer the defendant put its refusal to accept upon the ground that the wood was purchased for the manufacture of wood pulp for making paper, and that the wood furnished was unfit for that purpose. The jury, however, found that the plaintiff cut, hauled, and banked at the place designated on the Fox river, 230 cords of dead wood, of the quality specified in the contract. The jury also found that after 200 cords of wood had been banked the defendant paid $250 towards the wood, but that it did not then know the quality of the

wood which had been banked. This is the substance of the special findings. It will be observed that the verdict is silent on the material issue of the acceptance or non-acceptance of the wood by the defendant. Under the circumstances, it was essential for the plaintiff to prove, and for the jury to find, an acceptance to take the case out of the statute. Every special verdict should submit all material controverted facts. *Pratt v. Peck*, 65 Wis. 463, and cases cited in the opinion. As has been said, the contract was a parol executory one, for the sale of wood for a price exceeding $50. Nothing was paid, at the time the agreement was entered into, upon the purchase money. The contract came precisely within sec. 2308, R. S., and was void if that statute is now in force, or unless the contract was fully executed by delivery and acceptance. This point has been so often ruled by this court that it is necessary to refer to only a few of the decisions upon it: *Smith v. Stoller*, 26 Wis. 671; *Nichols v. Mitchell*, 30 Wis. 329; *Bates v. Chesebro*, 32 Wis. 594, and 36 Wis. 636; *Paine v. Fulton*, 34 Wis. 83; *Mason v. H. Whitbeck Co.* 35 Wis. 164; *Pike v. Vaughn*, 39 Wis. 500; *Bacon v. Eccles*, 43 Wis. 227; *Hanson v. Roter*, 64 Wis. 622. Therefore the necessity of proving an acceptance of the wood so as to pass title and show a complete performance of the contract is apparent. In no other way could the written memorandum of sale be dispensed with. But the fact of such an acceptance was not shown, nor was that question submitted to the jury, as it should have been, on proper proof.

Upon the special verdict, then, the plaintiff was clearly not entitled to have judgment for the value of the wood, since no acceptance was shown so as to complete the sale. It cannot well be said that the payment of the $250 some weeks after the contract was made would have the effect to validate the agreement or take the case out of the statute. The earnest money to bind the bargain must be paid

"*at the time*" the contract is entered into.  *Bates v. Chesebro, Paine v. Fulton, Hanson v. Roter, supra.*   The defendant had not seen the wood when the payment was made, knew nothing about its quality, and did nothing from which an acceptance of the property might be inferred. It is suggested in the brief of the counsel for the plaintiff that the presumption is that the defendant owned or leased the landing where the wood was piled, so that it was actually in its possession.   But there is no testimony to support such a presumption or inference.   It appears that the wood was piled where designated, somewhere on the east bank of the Fox river.   This is all the evidence there is upon the subject.

The same counsel makes the further point that the agreement is valid under ch. 81, Laws of 1883, relating to the sale of personal property.   To our minds it is very evident that this law refers to written contracts, because it enacts that "it shall be incompetent to show in defense, by any extrinsic evidence, that such contract had any other intent or meaning than expressed or stipulated thereby."   As the counsel on the other side suggests, this law was doubtless passed to obviate, in a measure, the decisions in *Barnard v. Backhaus,* 52 Wis. 593, and *Everingham v. Meighan,* 55 Wis. 354, and to validate "options or dealings in futures, or betting on the rise and fall of stocks and produce."   It has no application to the contract before us.   According to the view of counsel, it has the effect to repeal the statute of frauds.   We do not think it was ever intended by the legislature to have any such sweeping effect.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.