SPEAR, Respondent, vs. BACH, Appellant.

*April 12 — May 3, 1892.*

*Sale of chattels: Statute of frauds: Acceptance: Delivery.*

1. A sale of corporate stock of the value of more than $50 having been agreed upon orally, the certificates were delivered to the vendee, upon the expectation that he would pay therefor at once, but he, not having the money with him, handed them back to the vendor and requested him to send them to a certain bank with a draft upon the vendee for the price. *Held,* that the vendee had not accepted and received the stock, within the meaning of sec. 2308, R. S., but had merely agreed to buy the stock and to accept and pay for it afterwards at the bank; and that such agreement, not being in writing, was void.

2. The vendor sent the certificates to the bank named, with a draft on the vendee for the price, instructing the bank that the certificates were to be delivered to the vendee upon payment of the draft. *Held,* that this was not a delivery to the vendee, and his oral agreement being void, he was not bound to accept or pay for the stock.

APPEAL from the Circuit Court for *Milwaukee* County.

This action is brought to recover $400, as the purchase price of 200 shares of the capital stock of the Wausau Mining & Exploring Company, otherwise known as the "Little Giant," alleged to have been sold by the plaintiff to the defendant February 19, 1887. The answer consists of denials and counter allegations.

The charge of the trial judge, among other things, states that the theory of the plaintiff is that he and the defendant met on the train; that the plaintiff sold and delivered to the defendant the stock in question; that the defendant afterwards, not having the money with him to pay for the stock, handed the same back to the plaintiff, and requested him to send it to Marshall & Ilsley's Bank in Milwaukee, and draw on him for the value thereof; and that they afterwards entered into an agreement that the plaintiff would risk another 100 shares of the stock upon the idea that the

Spear vs. Bach.

stock would be worth by May 1, 1887, $500 for the 200 shares. The charge further states that the latter bargain, if it was made as the plaintiff states it, was of no account whatever; that there was no mutuality nor consideration for it; that the plaintiff was to lose the 100 shares if it was not worth $2.50 a share by May 1, 1887, and if it was worth that amount he was to get nothing in addition to the $400; that this last contract could not be enforced, because there was no mutuality. The charge states further that the defendant's theory is that the original bargain was that the stock should be sent to Marshall & Ilsley's Bank, with some sort of security that it would be worth $2.50 a share at some time not remembered by the defendant, and that then he was to pay the $400 for the stock. The charge also states that the evidence is that the stock was sent to the bank, with a draft for $400, with a letter of instructions, and with an additional 100 shares of stock; that the letter of instructions shows that, according to the theory of the writer, this 100 shares should be forfeited if the original 200 shares of stock should not be redeemed by May 1, 1887, at $2.50 a share.

At the close of the trial the jury returned a verdict in favor of the plaintiff for $443.55. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Fiebing & Killilea*, attorneys, and *C. H. Van Alstine*, of counsel, and oral argument by *H. J. Killilea*. To the point that there was no acceptance of the stock by the defendant, they cited *Shindler v. Houston*, 1 N. Y. 261–265; *Hallenbeck v. Cochran*, 20 Hun, 416; *Boardman v. Cutter*, 128 Mass. 388; *Rodgers v. Jones*, 129 id. 420; *Pitney v. Glens Falls Ins. Co.* 65 N. Y. 27; *Johnson v. Cuttle*, 105 Mass. 447–449; *Fontaine v. Bush*, 40 Minn. 141–143; *Smith v. Brennan*, 62 Mich. 349; *Grimes v. Van Vechten*, 20 id. 410.

For the respondent there was a brief by *Leopold Ham-*

*mel,* attorney, and *Ben S. Smith,* of counsel, and oral argument by *Mr. Hammel.* They contended, *inter alia,* that when there is a verbal contract of sale of specific property and the terms fixed, with an order of delivery at a designated place, and it is delivered at such place, it is sufficient and the acceptance was complete when the bargain was made. *Somers v. McLaughlin,* 57 Wis. 362; *Cusack v. Robinson,* 1 Best & S. 299; *Vietor v. Stroock,* 15 Daly, 329. Acceptance and delivery need not be simultaneous, but either may take place before the other. *Amson v. Dreher,* 35 Wis. 616; *Cross v. O'Donnell,* 44 N. Y. 661; *Vietor v. Stroock,* 15 Daly, 329. The sending to the bank was an acceptance and receipt by the defendant, the bank being his agent, designated and appointed by him. *Alexander v. Oneida Co.* 76 Wis. 56; Browne, Stat. of Frauds, sec. 327. If the vendee constitutes the vendor his bailee of the goods, and the vendor thereafter holds them as such bailee, the sale is good between the parties at the time of the making of the contract *Janvrin v. Maxwell,* 23 Wis. 51; *Smith v. Bouck,* 33 id. 19.

CASSODAY, J. Every oral contract for the sale of any goods, chattels, or things in action for the price of $50 or more is void "unless the buyer *accept and receive* part of such goods, or the evidences, or some of them, of such things in action, or unless the buyer shall *at the time* pay some part of the purchase money." Sec. 2308, R. S. The sale of the stock in question was not binding upon the defendant unless it was made in one of the ways thus prescribed.

We are clearly of the opinion that what took place between the plaintiff and the defendant on the cars, mentioned in the foregoing statement, did not constitute a receiving and acceptance of the stock within the meaning of the statute quoted. There is no claim of the asking or

Spear vs. Bach.

giving of any credit on such purchase. There is no claim that the defendant paid any part of the purchase price. It is very evident from the plaintiff's own testimony that he did not deliver the stock to the defendant on the cars with the intention of then passing the title to the same without present payment. On the contrary, he states that he expected the defendant would pay him for it at the time; that after the defendant held the stock in his hands for a short time he handed it back to the plaintiff, because he was short of funds and did not want the plaintiff to trust him for it; but that at the first banking town he, the plaintiff, might draw on him, the defendant, for $400 through Marshall & Ilsley's bank, attaching the stock, which he, the plaintiff, agreed to do. In other words, according to the plaintiff's testimony, the defendant orally agreed with the plaintiff on the cars to buy the stock at the price named and subsequently accept delivery and pay for the same at the place and in the manner indicated. This oral agreement was invalid under the statute quoted and the repeated decisions of this court. *Hardell v. McClure*, 1 Chand. 271, 2 Pin. 289; *Nichols v. Mitchell*, 30 Wis. 329; *Pike v. Vaughn*, 39 Wis. 499; *Bacon v. Eccles*, 43 Wis. 227; *Hanson v. Roter*, 64 Wis. 622; *Kerkhof v. Atlas Paper Co.* 68 Wis. 676; *Shindler v. Houston*, 1 N. Y. 261, 49 Am. Dec. 316. See other cases cited in the brief of counsel for the defendant.

In *Hardell v. McClure*, 2 Pin. 289, the oral contract of sale was for wheat partly unthreshed, but it was nevertheless held to be within the statute cited, and therefore void. That case was distinguished from *Meincke v. Falk*, 55 Wis. 437, where the contract was for special labor and particular material in the manufacture of a specified article. In that case the authorities are reviewed, and the distinction between the two classes of cases pointed out.

The learned trial judge charged the jury to the effect

Spear vs. Bach.

that the contract of sale was valid under the statute quoted, whether they adopted the theory of the plaintiff or the defendant; that the contract of sale was not void for want of delivery. This is on the theory that such delivery was effected subsequently by the plaintiff sending the stock to the bank in pursuance of the conversation on the cars. But there is no claim by any one that the title to the stock was to become vested in the defendant upon being received by the bank. On the contrary, the cashier testified to the effect that the stock certificates were received with a draft on the defendant for $400 attached, and that the certificates were to be delivered to the defendant only upon payment of the draft. The bank was in no sense the agent of the defendant in the transaction, but the agent of the plaintiff alone. Neither the plaintiff, nor the bank as his agent, could force upon the defendant the receipt and acceptance of the stock in the absence of any binding contract that he should so receive and accept the same. But the oral contract on the cars, being void for the reasons stated, cannot aid the plaintiff in establishing such delivery. In other words, the defendant, not having bound himself to receive, accept, and pay for the stock by what was said and done on the cars, remained at perfect liberty to accept or reject the same after it was sent to the bank under the circumstances stated.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.