CROSBY HARDWOOD COMPANY, Respondent, vs. TRESTER, Appellant.

*May 15 — June 20, 1895.*

*Sale of chattels: Oral contract: Statute of frauds: Subsequent payment: Estoppel.*

1. An oral contract for the sale of logs for a price exceeding $50, which is void under sec. 2308, R. S., because there was no delivery or payment at the time, cannot be validated by mere payment of the purchase money afterwards, unaccompanied by a delivery and acceptance of the logs, or a distinct renewal of, or assent to, the terms of the original agreement.

2. If the vendor in such a contract has not intrusted the vendee with the possession of the logs or with any *indicia* of ownership, he is not estopped to deny the title of a purchaser from the vendee, whom he has done nothing to deceive or mislead.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The action is replevin for 200,000 feet of hardwood logs. The answer is a general denial. The real defense was that the logs were the property of one Emma R. Thompson, from whose lands they were cut. The plaintiff claimed title by purchase from one C. P. Crosby, who purchased from one Oliver Darwin. Darwin had an oral contract for their purchase from Thompson, by which it was agreed that the title should remain in the vendor until the purchase price was paid. There was no payment or delivery at the time. The defendant holds the logs for Thompson, to be manufactured for her, and has no further interest.

Darwin had a large contract with Crosby for putting logs into Black river. These Thompson logs he intended to put in under his contract with Crosby. He was to receive payments on his contract with Crosby from time to time as the work progressed. Thompson knew of this contract, and, generally, of its terms, and that these logs were intended to

be put in under it. The logs were to be put into the Black river when paid for. They were put upon skidways upon the bank by Thompson, and marked with Crosby's mark, but were not put into the river. During the time when these logs were being banked there were other considerable dealings between Thompson and Darwin, and considerable money was paid by Darwin to Thompson. Thompson knew that these moneys came from Crosby. Darwin claimed that sufficient of these moneys were applied by him to pay for these logs. This Thompson denies, and claims that the moneys paid were paid generally on account, and were all applied to the payment of other claims against Darwin.

The trial court submitted two questions to the jury: (1) Whether Darwin paid for the logs; (2) whether Thompson intended to waive the condition of prepayment by permitting Darwin to sell the logs to Crosby. There was verdict and judgment for the plaintiff, from which this appeal is taken.

The cause was submitted for the appellant on the brief of *G. M. Perry*, and for the respondent on that of *Sturdevant & Sturdevant.*

NEWMAN, J. It is clear that the contract for the sale of the logs by Thompson to Darwin was void for want of compliance with the statute of frauds, and was binding on neither party. It was an agreement for the sale of property for the price of more than $50. It was not in writing. Nor was there any delivery or payment *at the time.* R. S. sec. 2308. Logs to be got out are merchandise which is within the statute. *Hanson v. Roter*, 64 Wis. 622. The agreement of sale, being void, could not be made valid by the mere payment or tender of even the entire purchase money, afterwards. For that purpose there must be a delivery and acceptance of the logs as well; or there must be a distinct renewal of, or assent to, the terms of the original

agreement, so as to make the payment apply on a present and not on a past agreement of sale. *Bates v. Chesebro*, 32 Wis. 594; *S. C.* 36 Wis. 636; *Paine v. Fulton*, 34 Wis. 83; *Kerkhof v. Atlas Paper Co.* 68 Wis. 674. Whether there was payment is controverted. But it is not claimed that there was ever any delivery to, or acceptance of these logs by, any person representing the plaintiff or through whom it claims to derive title, nor any later agreement of sale. On the contrary, the logs were delivered by Thompson to the defendant to be manufactured for her.

So it is clear that Darwin never had any title in these logs which he could sell or transfer to Crosby. He could give Crosby no better title than he had. *Ballard v. Burgett*, 40 N. Y. 314. He was not intrusted by Thompson with the possession of the logs or with any *indicia* of ownership which could mislead a purchaser. Crosby had a large contract with Darwin for logs to be put into Black river. These of Thompson's were to be put in under that contract. They were only a small part of the logs to be put in under that contract. Crosby dealt with Darwin. He made payments to him on account of logs generally, under the contract. He trusted him to apply the money in payment for logs. He never gave him money designated to be applied to the payment for these particular logs. Thompson did nothing to deceive or mislead him. She had no reason to anticipate that Darwin would misappropriate funds intrusted to him by Crosby. And she was under no duty to see that Darwin fulfilled his engagements with Crosby. "No one is under any obligation to exercise care or diligence to prevent another's being defrauded in a transaction to which he is not a party." *Kingman v. Graham*, 51 Wis. 232, 248. Thompson is not estopped to deny the title of the plaintiff.

Whether the logs were paid for, or whether Thompson, at any time, intended to waive the condition of prepay-

ment, are immaterial questions. The logs were never delivered to or accepted by either Darwin or the plaintiff, and the title to them never passed from Thompson.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.