## HOOKER and another vs. KNAB.

STATUTE OF FRAUDS :  *Oral contract for sale of goods.*
PROMISSORY NOTE :  *Consideration.*

$$\frac{26 \quad 511}{78 \quad 631}$$

1. An oral contract for the sale by A. to B. of a certain amount of wheat at a specified price, no part of the wheat being delivered, and no part of the price paid, is void by the statute of frauds.
2. Such a void contract is not a sufficient consideration for a promissory note running from B. to A., for a part of the amount claimed by A. as damages for non-delivery of the wheat.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon defendant's note executed to plaintiffs May 29, 1868, for $375, at six months. The facts set up in the answer were these: In November, 1867, defendant agreed to sell to plaintiffs, and they agreed to purchase of him, two thousand bushels of wheat at $1.80 per bushel, to be delivered during the December or January following. No note or memorandum of this contract was ever made in writing, nor did the plaintiffs at any time receive any part of said wheat or pay any part of the purchase money therefor. At the expiration of the time for the delivery of the wheat, the market price of wheat was greatly in excess of that named in the agreement, so that the excess in the value of the two thousand bushels was $575; and defendant executed the note sued upon, for a part of this difference, and for no other consideration. It is claimed that the note is invalid; first, because the agreement of purchase and sale was void by the statute of frauds; and secondly, because it was a gaming contract, it being alleged that it was not expected by either party that any wheat should be delivered, but the transaction being in fact a wager upon the future price of wheat at the time named.

On the trial, the court would not allow the defendant to introduce any evidence in support of his

answer, and instructed the jury that the same did not state a good defense.

Verdict and judgment for the plaintiffs, and defendant appealed.

*Austin & Wallber*, for appellant:

1. A void agreement cannot constitute a consideration for a subsequent contract. It is a mere nullity. *Brandeis v. Neustadtl,* 13 Wis. 142; *Sherman v. Barnard,* 19 Barb. 291. A mere moral obligation is not a sufficient consideration to support an express promise, except where there has been an antecedent good consideration or legal obligation. *Mills v. Wyman,* 3 Pick. 207; *Cook v. Bradley,* 7 Conn. 57; *Loomis v. Newhall,* 15 Pick. 159; *Ehle v. Judson,* 24 Wend. 97; *Geer v. Archer,* 2 Barb. 420; *Nash v. Russell,* 5 id. 556; *Watkins v. Halstead,* 2 Sandf. S. C. 311; *Beauchamp v. Leagan,* 14 Ind. 401. 2. If the note was given for a consideration arising out of a gaming contract, it is void by statute. R S. ch. 169, sec. 19. A contract made in violation of statue, or for the performance of an act forbidden by statute, is void. *Ætna Ins. Co. v. Harvey,* 11 Wis. 394; *Miller v. Larson,* 19 id. 463. And all contracts growing out of, or intended to carry into effect the illegal agreement, are void. *Bell v. Quin,* 2 Sandf. S. C. 146; *Shelton v. Marshall,* 16 Texas, 344; *Bates v. Watson,* 1 Sneed, 376; *Guenther v. Dewien,* 11 Iowa, 133; *Reynolds v. Nichols,* 12 id. 398.

*Mann & Cotzhausen*, for respondents:

"A moral obligation to pay a debt which might have been enforced had it not been for some statute provision, which, with a view to the general good, exempted the party from legal liability in the particular instance, is a sufficient consideration for an express undertaking to pay." *Edwards v. Davis,* 16 Johns. 283, and cases there cited. Contracts void under the statute *when made,* have always been enforced, *if at any time thereafter* a part delivery has

been made, or part of the purchase money paid and accepted. *Hill v. McDonald*, 17 Wis. 97. In this case, was not the giving of the note a sufficient memorandum in writing, and does it not satisfy the statute?

COLE, J. It must be conceded that the original agreement, which formed the consideration of the note, was void by the express language of the statute. Sec. 3, ch. 107, R. S. It was a parol contract for the sale of two thousand bushels of wheat, at $1.81 per bushel, to be delivered in the future; no part of the wheat being delivered when the contract was made, nor any part of the purchase money paid. It was therefore a purely void contract. It is unnecessary to quote the language of the statute, as it is familiar to all lawyers and business men of the state. Can it be held, then, that this contract, which never had any legal validity whatever, but was simply void, was a sufficient consideration for the note sued upon? It appears to us not.

This question arises between the original parties to the note, where the consideration may be inquired into. And what was the consideration of the note? It was a mere nullity. For " a contract declared void by statute, is in all respects a nullity. It cannot for any purpose be considered as ever having had a being or existence." DIXON, C. J., in *Brandeis v. Neustadtl*, 13 Wis. 142–149. " A consideration means something which is of some value in the eye of the law, moving from the plaintiff. It may be some benefit to the defendant, or some detriment to the plaintiff." *Thomas v. Thomas*, 2 A. & E. (N. S.) 859. " The surrender, forbearance or assignment of a claim having no legal validity is not a sufficient consideration for a promise." *Kidder v. Blake*, 45 N. H. 530, and authorities there cited. The parol agreement in respect to the sale of the wheat, however binding it might be in honor, did not create any legal responsibility. In *Frey v. The City*

*of Fond du Lac*, Mr. Justice PAINE says: "It is a general rule that a promise to pay for a past consideration, for which there is not and never has been any legal liability on the part of the party promising, does not make a contract binding in law. It is placed upon the same footing with a promise which does not purport to be for any consideration whatever." 24 Wis. 204–207.

Within the principle of these authorities, the note had no consideration to support it. There never was any obligation enforceable in law to deliver the wheat. See the authorities cited on the brief of the counsel for the defendant, particularly *Watkins v. Halstead*, 2 Sandf. S. C. 311; 1 Parsons on Cont. (5th ed.) p. 432, note (*t*).

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.