NICHOLS and another vs. MITCHELL.

*Contract — Statute of Frauds.*

1. An oral agreement by M. to deliver 25,000 bushels of wheat to N., at a specified time and price (no part of the wheat being delivered or of the price paid), *held* void by the statute of frauds.
2. If N. subsequently bought the wheat at M.'s request, and upon his implied promise to pay the difference between the contract price and the market price at the time of such purchase, such promise is void for want of a consideration. *Hooker v. Knab*, 26 Wis., 511.
3. Such purchase cannot be treated as one made for M. by N. as his agent, where it appears that the title was not expected to vest at all in M., but immediately in N.

APPEAL from the County Court of *Milwaukee* County.

The complaint sets out two causes of action. The first is that the defendant is indebted to the plaintiffs in the sum of three thousand dollars, for moneys paid and advanced for him, and at his request, in the purchase by the plaintiffs, for the defendant, of a quantity of wheat. The second cause of action, is to the effect that the plaintiffs, being commission merchants in Chicago, purchased about twenty-five thousand bushels of wheat at the request of the defendant, that the defendant agreed to put up and keep up the necessary margins sufficient to indemnify and save the plaintiffs harmless from loss on account of such purchase, and to take the wheat when the contract matured, or save the plaintiffs from loss thereon, and that although the defendant put up margins from time to time, yet, when the contract matured, he refused to take the wheat, by means whereof the plaintiffs suffered damage to the amount of three thousand dollars.

The answer is a denial of each and every allegation of the complaint.

The transactions which constitute the subject matter of this action, as disclosed by the testimony, are substantially as follows: The defendant sold to the plaintiffs twenty-five thousand bushels of wheat at a price stipulated, and agreed to deliver

the same to them during a certain month at his option. No note or memorandum of the contract was ever made, no part of the wheat was delivered, and no part of the purchase money was paid when the contract was entered into.

Subsequently the defendant became insolvent, and immediately thereafter and probably before the contract matured, by its terms, he requested the plaintiffs to buy in the wheat that was due them on the contract, and they did so, paying therefor $2,475 in excess of the contract price.

It appears that by the custom of merchants in Chicago, or rather by the laws and regulations of the Chamber of Commerce, when the defendant failed, his obligation to deliver the wheat became due, that his contract to deliver the same became thereby matured, and that probably the plaintiffs then had the right to buy in the wheat without directions to that effect from the defendant.

The court instructed the jury as follows: "If you find from the evidence that the original contract of purchase of the wheat was by parol, and that afterwards the defendant directed the plaintiffs to purchase in the wheat, and they did so, and paid or became liable to pay therefor, then you must find for the plaintiff." The jury were also instructed that in such case the measure of damages is the difference between the contract price of the wheat and the price paid therefor by the plaintiffs. These instructions were given in a variety of forms at the request of the plaintiffs, and instructions of an opposite character, which the defendant asked the court to give, were refused.

The jury returned a verdict for the plaintiffs, for $2,744.49, which is doubtless the amount of such difference and interest thereon from the time the plaintiffs bought in the wheat.

The jury also found specially as follows :

"1st. That the original contract between the plaintiffs and the defendant, for the sale by defendant to plantiffs of 25,000 bushels of wheat, was not in writing.

" 2d. That after the defendant had failed, on June 9th, 1870, he did give an order to plaintiffs to buy 25,000 bushels of wheat on account of and for the defendant."

Judgment was rendered for the plaintiffs on the verdict, from which the defendant appeals.

*Carpenter & Murphy*, for appellant.

*Finches, Lynde & Miller, contra.*

Lyon, J.—The original contract for the sale and delivery of the wheat by the defendant to the plaintiffs, is precisely like the original contract in *Hooker v. Knab*, 26 Wis., 511, and is void by the statute of frauds. In that case, a promissory note given by the vendor for the difference between the contract price of the wheat and the increased market value thereof, when delivery was due by the terms of the contract, was held void for want of consideration. We believe that the case was correctly decided, and we are unable to perceive any difference in principle in the two cases. In this case, the defendant requested the plaintiffs to buy in the wheat due them on the void contract, and they did so. This is all the special verdict means, which is to the effect that the defendant gave the plaintiffs an order to buy 25,000 bushels of wheat for him and on his account. If it means anything else, there is not the slight-est evidence to support it. There is no testimony which tends to show, or from which it can be inferred, that the parties intended that the title to the wheat so bought in, should vest in the defendant, and in no correct sense can it be said that the plaintiffs bought the wheat as the agents of the defendant. They purchased it for themselves, although at the request of the defendant, for the purpose of fixing and determining the amount of the defendant's supposed liability on the original void contract.

In *Hooker v. Knab*, the extent of such supposed liability was ascertained directly by the parties. In this case it was ascertained by an actual purchase of the agreed quantity of wheat

in the market. There the losing party gave his promissory note for the agreed sum, while here we have nothing but the implied promise of the defendant to pay the differences against him. If the express promise contained in such note was void for want of consideration, surely the implied promise in this case must be void for the same reason. In that case, counsel ingeniously argued that the original void contract had been executed by the adjustment of the differences and the giving of the note, but the court held otherwise. It is argued in this case, with equal plausibility, that the giving of the order and the purchase of the wheat, was, in like manner an execution of the original void contract between these parties. But the position is equally untenable. Had the defendant delivered the wheat, or perhaps some portion of it, pursuant to the contract, or had he paid the differences when ascertained, these acts would have been an execution, or at least a part execution, of the contract, but nothing less than this would so operate. Certainly, a mere request made by the defendant to the plaintiffs to do an act, which the evidence tends to show, and probably shows, that they had, by virtue of the custom of merchants where these transactions took place, a perfect right to do, with precisely the same results, had no such request been made, and a compliance therewith, cannot properly be held to operate as an execution of the original void contract. We find nothing in the case which vitilizes that contract, or gives to it any validity or effect whatever. Such being the case, it is idle to invoke, in support of the judgment herein, the rules of law concerning the obligation of a person to re-imburse another for moneys paid by him to the use of the former. While that remains a void contract, the plaintiffs have not paid for the use of the defendant the difference between the contract price of the wheat and the price for which they purchased in the same, but they have paid such difference for their own use, and cannot lawfully recover the amount thereof of the defendant.

It follows from these views that the learned county judge

erred in giving the instructions mentioned in the foregoing statement of the case.

The judgment of the county court must be reversed and a *venire de novo* awarded.

*By the Court.*— So ordered.