Lee vs. The State.

LEE, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 27 — March 12, 1889.*

CRIMINAL LAW AND PRACTICE. *(1) Assault with intent to commit rape: Evidence. (2) Instructions to jury: Credibility of witnesses.*

1. In a prosecution for assault with intent to commit rape it is not error to allow the mother of the prosecutrix to testify that when she first saw her daughter after the alleged assault, which was on the next day, the daughter told her of the outrage. But it is error to permit her to testify in chief to the details of the alleged assault related to her by the prosecutrix.
2. A charge that " when the witnesses appear to be equally credible in every other respect, the one who appears to have the greater interest in the result of the case is to have the less weight of the two," — criticised.

ERROR to the Municipal Court of *Rock* County.

*T. J. Brooks,* for the plaintiff in error.

For the defendant in error there was a brief by the *At-*

*torney General* and *L. K. Luse,* Assistant Attorney General, and oral argument by *Mr. Luse.*

LYON, J. The plaintiff in error, *George Lee,* was tried and convicted in the municipal court of Rock county on an information charging him with an assault upon one Hatty Maltby with intent to ravish and carnally know her by force and against her will. The court overruled the motion for a new trial, adjudged the accused guilty of the offense charged, and sentenced him to imprisonment in the state prison for the term of five years.

While the testimony on the part of the state tends to show that the plaintiff in error was guilty of a grossly indecent assault upon the prosecutrix, it yet leaves upon our minds a very serious doubt whether it proves the felonious intent charged with sufficient clearness and certainty to justify the jury in finding such intent. Still we are not prepared to say there is not sufficient evidence to support the verdict, and the subject is mentioned only to show that the case is one in which a special care should be exercised that the accused have the full benefit of every protection which the law gives him. *Conners v. State,* 47 Wis. 523.

On the trial Mrs. Maltby, the mother of the prosecutrix, was called by the state as a witness, and testified that she first saw her daughter after the alleged assault the next day, and that her daughter then told her of the outrage. This was proper testimony. *Hannon v. State,* 70 Wis. 448. Such testimony is admitted because the failure of the prosecutrix to make early complaint — or, as the old books put it, immediate hue and cry — raises a strong presumption against the truth of her charge. But inasmuch as the present prosecutrix told the first lady she met, immediately after the alleged assault, that the accused had insulted her, and had also commenced this prosecution before her mother saw her, which was a sufficient "hue and cry" under the

rule, the testimony of her mother that she also complained to her was of little importance.

But Mrs. Maltby was permitted, against objection, to testify in chief to all the details of the alleged assault related to her by the prosecutrix. This was error. The rule which admits proof of immediate complaint does not go to that extent. The true rule on the subject is correctly stated in *Hannon v. State, supra.* The error is material, and hence fatal to the judgment.

Some exceptions were taken to the charge to the jury. We think the learned judge of the municipal court stated the law correctly, and that his charge is not justly subject to criticism, except in a single particular. After telling the jury (properly, no doubt) that the interest of the defendant in the result of the prosecution should be considered by them in determining the credibility of his testimony (he having testified as a witness in his own behalf), the judge added this remark: "When the witnesses appear to be equally credible in every other respect, the one who appears to have the greater interest in the result of the case is to have the less weight of the two." This rule leaves out any consideration of surrounding circumstances, or of the effect of other testimony corroborative of the testimony of one or the other witness. The jury may well have understood the instruction to mean that if the apparent personal credibility of the prosecutrix was equal to that of the accused, where their testimony conflicted the prosecutrix must be believed. This trenches too closely, we fear, upon the legitimate functions of the jury. While we do not place the reversal of the judgment upon this ground, we think it would have been better and safer had the passage above quoted from the charge been omitted therefrom.

*By the Court.*— The judgment of the municipal court is reversed, and the cause will be remanded for a new trial. The plaintiff in error will be surrendered by the warden of

the state prison to the sheriff of Rock county, who will hold him in custody until discharged or his custody changed by due course of law.

See note to this case in 41 N. W. Rep. 960.— REP.