BARNES and another, Appellants, vs. DELIGLISE and another, Respondents.

*January 16 — February 3, 1891.*

*Contracts: Action by third person: Want of privity: Mortgages.*

D. agreed with the plaintiffs to pay off a mortgage on his lands and to give them a mortgage thereon to secure a debt to them, the time for payment of which was to be extended. He paid the amount of the mortgage debt to the defendants (who had loaned the money to him for the mortgagee), and they, with knowledge of the agreement and in the presence of one of the plaintiffs, promised D. that they would pay the money over to the mortgagee and procure a discharge of the mortgage. Plaintiffs thereupon accepted a mortgage as agreed, and afterwards foreclosed the same and bid in the land. The defendants having failed to pay off the first mortgage, a suit to foreclose it was brought, and the plaintiffs herein defended, alleging payment, but were defeated on the ground that the defendants herein were not authorized to receive payment for the mortgagee. The defendants herein were not notified to defend that suit. *Held,* that the defendants herein are not liable, on the ground of their promise to D., to reimburse the plaintiffs for their costs and expenses in defending the foreclosure suit.

APPEAL from the Circuit Court for *Manitowoc* County. Action to recover damages for the breach of an agreement by the defendants to pay over to a mortgagee moneys received by them for that purpose. The facts will sufficiently appear from the opinion. The plaintiffs appeal from a judgment awarding a portion only of the amount claimed.

For the appellants there was a brief by *Nash & Nash* and *G. G. Sedgwick,* and oral argument by *Mr. Sedgwick* and *Mr. L. J. Nash.* They contended, *inter alia,* that the promise by *Hutchinson* to Duchac was made for the benefit of the plaintiffs, and entitled them to recover damages for the breach of the agreement. The necessary privity existed, or the equities were an adequate substitute for legal privity. 1 Greenl. Ev. sec. 189; Co. Litt. 352b; Freem. Judg. sec.

162; *Houghton v. Milburn,* 54 Wis. 554, 561; *Vrooman v. Turner,* 69 N. Y. 280; *Litchfield v. Flint,* 104 id. 543; *Barlow v. Myers,* 64 id. 41; *Burr v. Beers,* 24 id. 178; *Lawrence v. Fox,* 20 id. 268; *Farley v. Cleveland,* 4 Cow. 432; *Berly v. Taylor,* 5 Hill, 577; *Barker v. Buklin,* 2 Denio, 45; *Delaware & H. Canal Co. v. Westchester Co. Bank,* 4 id. 97; *Schemerhorn v. Vanderheyden,* 1 Johns. 140; *Arnold v. Lyman,* 17 Mass. 400; *Hall v. Marsten,* id. 575; *Brewer v. Dyer,* 7 Cush. 337; *Felton v. Dickinson,* 10 Mass. 289; 1 Pars. Cont. (6th ed.), 467.

*Charles W. Felker,* for the respondents.

ORTON, J.    The respondents were agents of certain persons to loan out their money on security.    Joseph Duchac applied for a loan, and they loaned him $600, the money of one Barbara M. Rhyner, on two notes and mortgages, which were sent to and received by her.    Duchac owed the appellants about $3,000, and intended to make a payment thereon of said $600, but it was arranged between them that the payment of said $3,000 should be extended, and that Duchac should return the said $600, and have the mortgages satisfied, and give a mortgage on his lands, including such as had been mortgaged to secure the $600, to secure said $3,000.    Thereupon Duchac, accompanied by one of the appellants, called upon the respondents, and stated the above arrangements, and paid them back the said $600, for the purpose of getting back his notes and of having said mortgages satisfied of record, so as to be able to give a first mortgage to the appellants to secure said $3,000.    Duchac then gave the appellants the mortgage so agreed to be given to secure his said past indebtedness to them, which, together with the sum of $667.96, which Duchac owed to other creditors and which they assumed, made the said sum of $3,000.    The appellants at the proper time obtained a judgment of foreclosure of said $3,000 mortgage, and, on the sale of the mortgaged premises, *John W.*

*Barnes* purchased the same for said appellants, leaving the sum of $2,373.30 of said judgment unpaid, for which a judgment against Duchac was duly rendered as for deficiency. The appellants then sold one half interest in said lands to *George G. Sedgwick.*

The said Barbara M. Rhyner sold and assigned one of her said two mortgages to one Patrick Lane, and he commenced an action to foreclose the same, making one John McCully a defendant, who had purchased of the appellants the lands covered by said mortgage, and said McCully called upon the appellants to defend said action and make good his said purchase. It may well be anticipated that the respondents failed to pay said Rhyner the said $600 to take up and satisfy her said mortgages, as they agreed to do. The defense to said action of foreclosure was, in substance, that the said two mortgages were paid and satisfied by the payment of said $600 to the respondents as the agents of the said Rhyner. The circuit court held, in effect, that the said mortgage was so paid, but on appeal to this court it was held that the respondents were not the agents of the said Rhyner to receive said $600 in payment of said mortgages, and the judgment was reversed in *Lane v. Duchac,* 73 Wis. 646. The judgment was then paid by the appellants in the sum of $607.70. The other of said mortgages, which was assigned to one Eliza K. Rand, the appellants also paid. This action was brought to recover the amount so paid on said judgment, and the expenses, costs, and disbursements in said suit. The said Duchac assigned to the appellants his claim against the respondents for failing to pay the said $600 in satisfaction of said mortgages. There was never any notice given to the respondents to defend the action for the foreclosure of the Lane mortgage.

The circuit court, after finding the above facts, found as conclusions of law that the appellants should recover the amount paid by Duchac to the respondents to discharge

the mortgages by an assignment from him, but that they could not recover the costs in the Lane suit, because there was no privity between the parties, and that the debt was an antecedent debt against Duchac, and the appellants had not notified the respondents to defend the Lane suit so as to make them so liable for the costs.

It was Duchac who paid the respondents the money, and they agreed with and for him, and for his benefit, to pay it in the discharge of his mortgage to Rhyner. If the respondents had also promised the appellants that they would so apply Duchac's money, where was the consideration to support it? They advanced no money on the strength of the promise, and there was no consideration moving from them to the respondents. If there was a promise, either expressed or implied, it must have been to Duchac, and this pretended promise to the appellants was only that they would perform their promise to Duchac in the application of his money.

It may be said that the appellants lost, by the failure to perform such promise, the benefit of having the first mortgage to secure their antecedent claim; but that is immaterial if there was no present consideration for the promise to them, and their loss, if any, was only incidental to the respondents' failure to perform their promise to Duchac. A. lost the profits on wheat that B. agreed to deliver to him, on the ground that the contract was void. A. subsequently bought the wheat at B.'s request, and upon his implied promise to pay the difference between the contract and market price. Such a promise was held void for want of a consideration. *Hooker v. Knab*, 26 Wis. 511; *Nichols v. Mitchell*, 30 Wis. 329. The driver of a mail coach was injured by reason of defects in its construction. He brought suit against the maker of the coach who sold it to the owner. It was held in *Winterbottom v. Wright*, 10 Mees. & W. 109, that the driver could not recover, because there was no privity or consideration between him and the maker.

" The only safe rule," said Lord ABINGER, " is to confine the right of recovery to those who enter into the contract. If we go one step beyond that, there is no reason that we should not go fifty."

If every person, who is remotely injured by the breach of a contract made with another person, may sue upon the contract, there certainly would be no end to such suits. There was no business transaction whatever between the appellants and respondents. It was between Duchac and the respondents. Suppose the respondents had promised everybody else with whom Duchac was doing business that they would surely pay out his money as they had agreed to do, and they had suffered some remote injury by their failure to do so. Could they sue upon the contract between Duchac and the respondents? Suppose one was a creditor, and had lost his claim by the failure, or another a vendor who had lost his purchase money. This illustrates the looseness and elasticity of such a rule. There is no rule by which the respondents could be made to reimburse the appellants for their costs and expenses paid in defense of the Lane mortgage foreclosure suit, even if they could be made liable therefor by the contract, unless they were tendered the defense of that suit. *Daskam v. Ullman*, 74 Wis. 474. It may be that, if the respondents had been tendered the defense of that suit or notified to defend it, they would have paid the mortgage without the expenses and costs of defense, or would have made a different defense, or one more effectual.

The questions involved are elementary, and we cite but few cases besides those in the brief of the learned counsel of the respondents. The circuit court was clearly right in its conclusions of law, and the judgment for the appellants was all that they were entitled to recover.

*By the Court.*— The judgment of the circuit court is affirmed.